FILED

MAR 28 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                              )    No. 08-20875-A-7
                                   )
                                   )
TODD and JAN GIBBONS,              )
                                   )
                                   )
            Debtors.               )
                                   )
                                   )
_____)

**MEMORANDUM**

The debtors have filed an ex parte motion to reopen their chapter 7 case for the purpose of amending the schedules in order to list a previously omitted creditor.

The petition was filed on January 28, 2008. The notice of the meeting of creditors informed the creditors that this was a "no-asset" case. Accordingly, creditors were instructed to not file proofs of claim.

The trustee ultimately filed a report of "no distribution," meaning that he had located no nonexempt assets that could be liquidated for the benefit of creditors and accordingly no dividend would be paid to them. The trustee's report was approved without objection.

Thus, this case was a "no-asset, no-bar-date-case." A creditor holding a claim otherwise dischargeable by the debtors had its claim discharged even though the creditor was not given notice of the bankruptcy because its claim was unscheduled. 11 U.S.C. § 727(b); Beezley v. California Land Title Co. (In re

Beezley), 994 F.2d 1433 (9th Cir. 1993); White v. Nielsen (In re Nielsen), 383 F.3d 922, 925 (9th Cir. 2004). It is unnecessary to reopen the case and amend the schedules in order to discharge the claim of an omitted creditor.

If the omitted creditor's claim could have been excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the debtors' failure to schedule the claim when the petition was filed meant that the omitted creditor did not receive notice of the deadline for filing a complaint. See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(b). Therefore, unless the omitted creditor had actual knowledge that the petition had been filed in time to file a timely dischargeability complaint, the failure to initially schedule the claim may mean it is nondischargeable. 11 U.S.C. § 523(a)(3)(B). Amending the schedules, however, will have no impact on the issue.

In short, merely reopening the case to permit the amendment of the schedules will have no effect whatever. The debtors do not need to amend the schedules in order to discharge omitted claims. If the claim of the omitted creditor was otherwise dischargeable by a chapter 7 discharge, it was discharged even though the creditor was omitted from the schedules.

If the omitted creditor or the debtor wants a declaration that the claim is, or is not, made nondischargeable by section 523(a)(3)(B), one of them must file an adversary proceeding. See In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994).

In connection with the resolution of any such adversary proceeding, two questions must be determined. Did the omitted creditor have actual notice of the bankruptcy filing in

sufficient time to file a timely dischargeability complaint?  See Fed.R.Bankr.P. 4007(c).  And, if there was no actual notice of the petition, is its claim otherwise nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1]  If the omitted creditor had actual notice, or if its claim is not excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will declare that the omitted claim was discharged.

However, whichever declaration is appropriate, it can be given only in an adversary proceeding.

Therefore, the court will permit this case to be reopened.  Because this was a "no-asset, no bar date" case, the unscheduled claim of the omitted creditor was discharged unless it is made nondischargeable under sections 523(a)(3)(B).  To obtain a declaration that an omitted claim is not made nondischargeable by section 523(a)(3)(B), the debtors (or the omitted creditor) must file, serve, and prevail in an adversary proceeding.  The only reason to reopen the case is to permit the filing of such an adversary proceeding.

Dated: 28 March 2011

By the Court

_____
Michael S. McManus
United States Bankruptcy Judge

---

[1] If the omitted creditor is claiming the debts are non-dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16), (17), the creditor cannot be prejudiced by the omission of its claim in a "no asset" case.  Unlike section 523(a)(2),(4) or (6), there is no deadline for the filing of such dischargeability complaints and nonbankruptcy courts may determine whether the debts fall into the exceptions enumerated in section 523(a)(1), (5), (7)-(15), (16), (17).  11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

Todd Jon Gibbons
1386 Remington Ct
Tracy, CA 95377

Tina Theresa Gibbons
1386 Remington Ct
Tracy, CA 95377

Christopher A. Becnel
1120 2nd St #119
Brentwood, CA 94513

Michael D. McGranahan
PO Box 5018
Modesto, CA 95352

Office of the U.S. Trustee
501 I St #7-500
Sacramento CA 95814

DATED: 3/29/2011           By: _____
                               Deputy Clerk
                               Mark D. Swim

EDC 3-070 (Rev. 6/28/10)